# IN THE COURT OF APPEALS OF IOWA

No. 21-0343
Filed April 13, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NATHAN RAY TESCH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clay County, Charles Borth, Judge.


        Nathan Tesch claims he was denied his right to a speedy trial under the Iowa and federal Constitutions and challenges the relevance and sufficiency of the evidence supporting his theft conviction.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Tabor, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**VAITHESWARAN, Presiding Judge.**

We are asked to decide whether the State violated Nathan Ray Tesch's constitutional rights to a speedy trial.

## I.     Background Facts and Proceedings

A safe was stolen from a Spencer clinic.  The State charged Tesch with fourth-degree theft and third-degree burglary, with a trial information filed on October 16, 2019, and January 22, 2020, respectively.  The charges were later consolidated.

Tesch filed two motions to dismiss "for lack of speedy trial."  In the first, he alleged Iowa Rule of Criminal Procedure 2.33(2)(b)[1] required him to be brought to trial within ninety days of his indictment, it had "been 238 days since the filing of the original trial information" in the burglary case and he was aware of an Iowa Supreme Court May 22, 2020 order relating to the impact of COVID-19 on court services, but that order could not "abrogate[] or preempt[] [his speedy trial rights under] the United States and Iowa Constitutions."  In his second motion, Tesch asserted 372 days had elapsed "since the filing of the original trial information charging burglary," a trial date was postponed due to the exposure of a witness to COVID-19, and the State's failure to bring him to trial violated the federal and Iowa Constitutions.

---

[1] Rule 2.33(2)(b) states:
> If a defendant indicted for a public offense has not waived the defendant's right to a speedy trial the defendant must be brought to trial within 90 days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

The district court held separate hearings on each motion. At the conclusion of the first hearing, the court found no speedy trial violation under rule 2.33, the Iowa Constitution, or the United States Constitution. *See State v. Smith*, 957 N.W.2d 669, 693 (Iowa 2021) (Appel, J., concurring) ("The Sixth Amendment and article I, section 10, of the Iowa Constitution provide that an accused is entitled to a speedy trial. These claims are separate from, though related to, claims under Iowa Rule of Criminal Procedure 2.33(2)(a) and subsection (b), which are designed to implement speedy trial rights."). The court reasoned that the supreme court's supervisory order modified rule 2.33 and the case was "within that [modified] speedy trial deadline," it was "unreasonable to conclude that the Iowa Supreme Court would modify . . . court rules in order to create a constitutional violation under the Iowa Constitution," and the factors for assessing a speedy-trial claim under the federal Constitution supported denial of that claim. The court denied Tesch's second motion "for the same reasons," again noting that the Iowa Supreme Court "changed the speedy trial deadlines" and the case was "still within that time line." The case proceeded to trial on February 2, 2021. A jury found Tesch guilty of both charges.

On appeal, Tesch argues "[he] was denied his right to a speedy trial even in light of the COVID-19 crisis." In his view, "the delay in his trial of over one year was excessive and a violation of his speedy trial rights under the federal [C]onstitution and state constitution." He also challenges the relevancy and sufficiency of evidence supporting the value of the stolen safe.

## II.    Constitutional Claims

## A.    United States Constitution

The United States Constitution provides, "[T]he accused shall enjoy the right to a speedy and public trial."  U.S. Const. amend. VI; *see also* U.S. Const. amend XIV.  To determine if the provision was violated, the court applies a four-factor "balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  The factors are: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.*

The district court determined (1) Tesch would "be brought to trial . . . just over 10 months from the date of his arrest"; (2) "we are in the midst of a worldwide pandemic which resulted in the court system being closed for jury trials for an extended period of time"; (3) Tesch asserted his right to a speedy trial, which "obviously . . . weigh[ed] in [his] favor"; and (4) on the prejudice component, there was "no record that any evidence or witnesses . . . disappeared" and there was "really no evidence that the defendant . . . faced unnecessary lengthy incarceration due to this charge."  The court concluded, "The bottom line is, the need to protect the public health during this ongoing pandemic outweighs Tesch's, or any other individual's, right to a speedy trial under the US Constitution at this time."

On the first factor—the length of the delay—the State concedes "the delays in Tesch's case trigger[ed] the *Barker* analysis" and the delays were "presumptively prejudicial." *See Doggett v. United States*, 505 U.S. 647, 651 (1992).  But the State asserts the "delay of just over one year was short and does not weigh heavily in the four-part analysis."  We agree.  As the district court stated,

"there are volumes of cases in the federal appellate courts finding much lengthier delays to not be a violation of a defendant's speedy trial deadline." *Compare United States v. Aldaco*, 477 F.3d 1008, 1019 (8th Cir. 2007) (finding a three-and-a-half-year delay was "uncommonly long"), *with United States v. Titlbach*, 339 F.3d 692, 699–700 (8th Cir. 2003) (finding a thirteen-month delay met the presumptively prejudicial threshold but was a "relatively short period of delay" that "weigh[ed] against finding a Sixth Amendment violation"); *see also United States v. Brown*, 828 F. App'x. 366, 370–71 (9th Cir. 2020) (finding a fourteen-month delay was presumptively prejudicial but only "slightly favor[ed]" the defendant). The length of the delay was not dispositive.

We turn to the reason for the delay. The Supreme Court has identified several types of delays and assigned different weights to each. *Barker*, 407 U.S. at 531. Specifically,

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

*Id.* Tesch argues the following are "neutral reasons" attributable to the State: (1) the supreme court's suspension of jury trials, (2) the State's failure to bring him to trial following the quarantining of a witness for exposure to COVID-19, and (3) the State's failure to transfer him to Clay County to attend depositions. We disagree.

6

On May 22, 2020, the Iowa Supreme Court filed a supervisory order extending and restarting the speedy trial deadline in light of the COVD-19 pandemic. The court stated,

> [B]ecause significant logistical issues—including a backlog of cases—are expected even when trials restart, the court finds good cause to extend the speedy trial deadline in rule 2.33(2)(b) beyond ninety days. Accordingly, for any case in which an indictment or information has been or is filed prior to September 14, 2020, the ninety-day deadline in rule 2.33(2)(b) and rule 2.33(2)(c) shall be expanded to 120 days, and shall be restarted with September 14, 2020 as Day 1. For any case in which an indictment or information has been or is filed prior to September 14, 2020, the one-year deadline in rule 2.33(2)(c) shall commence from June 22, 2020 or the date of filing, whichever is later.

Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Preparation for Coronavirus/COVID-19 Impact on Court Services* ¶ 13 (May 22, 2020). The court again extended "the ninety-day deadline in rule 2.33(2)(b)" restarting the days "with February 1, 2021 as Day 1." Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Provisions for Coronavirus/COVID-19 Impact on Court Services* ¶ 13 (Nov. 10, 2020). The court extended "the one-year deadline in rule 2.33(2)(c)," recommencing it "from February 1, 2021." *Id.*

The Iowa Supreme Court recently addressed its authority to enter these orders. *See State v. Watson*, 970 N.W.2d 302, 310 (Iowa 2022). The court discussed one component of rule 2.33, then mentioned that its opinion did not affect the speedy-trial portion of the rule. *Id.* The court stated: "Most courts confronting [the speedy-trial] issue have suspended speedy trial deadlines when jury trials are curtailed because of the pandemic." *Id.* (citing opinions from other states). In another opinion, the court addressed its authority to issue supervisory orders affecting guilty pleas. *See State v. Basquin*, 970 N.W.2d 643, 654–56

(Iowa 2022). The court stated, "Our COVID-19 supervisory orders balanced the rights of defendants and public safety." *Id.* at 654. The court concluded it "had the constitutional authority to issue the supervisory orders that temporarily suspended our rules of criminal procedure governing guilty pleas." *Id.* While these opinions do not answer the federal constitutional issue presented by Tesch, they inform our analysis of this reason for the delay.

Other courts also have upheld their authority to act in the face of the pandemic. *See, e.g.*, *State v. Jackson*, 968 N.W.2d 55, 61 (Minn. Ct. App. 2021) ("[W]e hold that neither [the defendant] nor the state are responsible for the delay in commencing the trial when that delay occurred solely because of public-safety concerns due to the COVID-19 pandemic and when the district court was prohibited from holding a jury trial by order of the Chief Justice."); *State v. Brown*, 964 N.W.2d 682, 693 (Neb. 2021) (finding "delays caused by the [supreme] court's sua sponte good cause continuations for reasons related to the COVID-19 pandemic" were a "'valid reason' for purposes of the constitutional analysis"); *Commonwealth v. Murphy*, No. 0197-21-2, 2021 WL 3501732, at *1, *5 (Va. Ct. App. Aug. 10, 2021) (finding "the pandemic [and resulting emergency stay in trials] was a 'valid reason' that 'justified appropriate delay' under the third [*Barker*] category of reasons for delay"). In light of this nationwide authority, we agree with the district court that the pandemic-related orders were "valid reasons" for the delays in bringing Tesch to trial and did not weigh against the State.

The delay caused by the quarantine of a witness for exposure to COVID-19 also was a valid reason for the delay. *See Barker*, 407 U.S. at 531 ("[A] valid

reason, such as a missing witness, should serve to justify appropriate delay."). This delay did not weigh against the State.

Tesch is judicially estopped from raising his final reason for the delay—"the neglect of the State to bring [him] to Clay County for depositions." *See Godfrey v. State*, 962 N.W.2d 84, 100 (Iowa 2021) (noting "the rule of 'judicial estoppel' prevents a party from changing its position after it has successfully urged a different position to obtain a certain litigation outcome"). When the State sought to have certain depositions scheduled remotely, Tesch resisted, requesting "the option of rescheduling depositions at a future time when the COVID-19 pandemic [was] not causing interruptions in school and businesses." That is what the district court ordered. The court stated depositions would "only be conducted telephonically or by video conference if [Tesch] file[d] a written waiver [of] of his right to be personally present for those depositions" and, in the event he did not, "those remaining depositions" would "be canceled, and rescheduled for a date mutually agreed to by the parties." Because Tesch received the relief he requested, he cannot raise a contrary position on appeal.

The third *Barker* factor—a defendant's assertion of his right—is clearly satisfied. That said, Tesch waived his speedy trial rights for the first four months, reducing the weight of this factor in his favor.

We are left with the prejudice to the defendant. As the district court noted, Tesch's pretrial detention was not entirely related to this charge and he failed to identify missing witnesses. As for his claim of anxiety and concern, the claim lacked specificity. *See United States v. Flores-Lagonas*, 993 F.3d 550, 564–65 (8th Cir. 2021) (finding defendant had not made a showing of actual prejudice as

his assertions that "he was prejudiced because of oppressive pretrial incarceration, his anxiety, and impairment to his defense . . . lack[ed] specific facts"). In short, Tesch failed to establish actual prejudice as was concededly required.

On our de novo review of this constitutional issue, we agree with the district court that the State did not violate the speedy trial provision of the United States Constitution.

## B.      State Constitution

The Iowa Constitution states: "In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial by an impartial jury . . . ." Art. I, § 10. Tesch argues, "Even if the Sixth Amendment's protections did not result in dismissal, the protections of article I, section 10 [of the Iowa Constitution] would" because it "is more expansive than . . . the Sixth Amendment [of the U.S. Constitution]." He focuses on the word "cases" and argues the term encompasses the criminal complaint preceding the filing of the trial information in the burglary case, which adds two months to the delay. On our de novo review, we conclude that, even with the additional two months, the length of the delay was not so onerous as to support a finding of a State constitutional violation.

## III.      Value of the Safe

Iowa Code section 714.2(4) (2019) states, "The theft of property exceeding three hundred dollars in value but not exceeding seven hundred fifty dollars in value is theft in the fourth degree." Tesch challenges the relevance and sufficiency of the State's evidence relating to value. In his view,

The evidence regarding the value of a new safe was irrelevant without evidence of depreciation, original costs, and condition of stolen safe. [In addition, t]he evidence was insufficient to prove the replacement value of the sixteen-year-old safe exceeded three hundred dollars.

"Evidence is relevant when it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence.'" *State v. Castaneda*, 621 N.W.2d 435, 440 (Iowa 2001) (quoting Iowa R. Evid. 5.401). "We review a district court's decision concerning the admission of relevant evidence for an abuse of discretion." *State v. Sullivan*, 679 N.W.2d 19, 29 (Iowa 2004) (citation omitted).

The jury was instructed: "The 'value' of the safe means its higher value by any reasonable standard at the time of the theft. Reasonable standard includes, but is not limited to, the property's actual value, its replacement value, or its market value within the community." The clinic's office manager testified the replacement value of the safe was $619. Under the instruction, the evidence was relevant.

"[W]e will uphold a verdict if substantial record evidence supports it." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (citation omitted). "Value testimony is liberally received, with its weight to be determined by the jury." *State v. Savage*, 288 N.W.2d 502, 504 (Iowa 1980) (citations omitted). The office manager's testimony amounted to substantial evidence supporting the value element of the crime. *See id.* at 505 (stating "other persons having the requisite knowledge might also be presumed to be competent to establish value, even if not the owner").

We affirm the jury's finding of guilt and Tesch's judgment and sentence.

**AFFIRMED.**